http://www.va.gov/vetapp16/Files4/1630494.txt

Citation Nr: 1630494 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 11-10 943 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan

THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States

ATTORNEY FOR THE BOARD

K. Anderson, Associate Counsel

INTRODUCTION

The Veteran had active military service from August 1966 to August 1968. He received the Combat Infantryman's Badge and Purple Heart, among other decorations, for this service.

This claim comes to the Board of Veterans' Appeals (Board) from a September 2009 rating decision from the Department of Veteran's Appeals (VA) Regional Office (RO) in Togus, Maine. Subsequent jurisdiction of the claim has been transferred to the RO in Detroit, Michigan. 

The Board previously considered this appeal in January 2015. At that time the Board remanded the claim for a DRO hearing to be held. The requested hearing was held in May 2015. Thus, the requested development has been completed and the file has been returned to the Board for adjudication.

FINDINGS OF FACT

1. The Veteran is service connected for PTSD (rated as 50 and 70 percent disabling) and tinnitus (rated as 10 percent disabling), with a combined schedular rating of 60 or 70 percent. 

2. The Veteran's PTSD and tinnitus arose from injuries that arose in action.

3. The Veteran is unable to obtain or maintain substantially gainful employment as a result of his service-connected disabilities. 

CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran's favor, the criteria for a TDIU have been met. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.340, 3.341, 4.3, 4.15, 4.16, 4.18, 4.19, 4.25 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities (Rating Schedule), which is based on the average impairment of earning capacity. 38 U.S.C.A. § 1155. Total disability is considered to exist when there is any impairment which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. Total disability may or may not be permanent. 38 C.F.R. § 3.340(a)(1). Total ratings are authorized for any disability or combination of disabilities for which the Rating Schedule prescribes a 100 percent evaluation. 38 C.F.R. § 3.340(a)(2).

TDIU may be assigned when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. The service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue will be addressed in both instances. 38 C.F.R. § 4.16(a), (b). 

If there is only one such disability, it must be rated at 60 percent or more; if there are two or more disabilities, at least one disability must be rated at 40 percent or more, with sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). For the above purpose of one 60 percent disability, or one 40 percent disability in combination, the following will be considered as one disability: (1) disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable, (2) disabilities resulting from common etiology or a single accident, (3) disabilities affecting a single body system, e.g. orthopedic, digestive, respiratory, cardiovascular-renal, neuropsychiatric, (4) multiple injuries incurred in action, or (5) multiple disabilities incurred as a prisoner of war. 38 C.F.R. § 4.16(a). 

If a veteran's disabilities do not meet the objective combined rating percentage criteria of 38 C.F.R. § 4.16(a), it then becomes necessary to consider whether the criteria for referral for extraschedular consideration are met under § 4.16(b) criteria. It is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. Submission to the Director, Compensation and Pension Service, for extraschedular consideration is warranted in all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in § 4.16(a). 38 C.F.R. § 4.16(b).

Individual unemployability must be determined without regard to any non-service-connected disabilities or a veteran's advancing age. 38 C.F.R. §§ 3.341(a), 4.19; Van Hoose v. Brown, 4 Vet. App. 361 (1993). The sole fact that a veteran is unemployed or has difficulty obtaining employment is not enough. A high rating in itself is recognition that the impairment makes it difficult to obtain or keep employment, but the ultimate question is whether a veteran is capable of performing the physical and mental acts required by employment, not whether a veteran can find employment. Id. at 361. When reasonable doubt arises as to the degree of disability, such doubt will be resolved in a veteran's favor. 38 C.F.R. § 4.3. 
In Faust v. West, 13 Vet. App. 342 (2000), the Court defined "substantially gainful employment" as an occupation that provides an annual income that exceeds the poverty threshold for one person, irrespective of the number of hours or days that a veteran actually works and without regard to a veteran's earned annual income. In Hatlestad v. Derwinski, 5 Vet. App. 524, 529 (1993), the Court held that the central inquiry in determining whether a veteran is entitled to a TDIU is whether a veteran's service-connected disabilities alone are of sufficient severity to produce unemployability. The determination as to whether a total disability is appropriate should not be based solely upon demonstrated difficulty in obtaining employment in one particular field, which could also potentially be due to external bases such as economic factors, but rather to all reasonably available sources of employment under the circumstances. See Ferraro v. Derwinski, 1 Vet. App. 326, 331-332 (1991). 

In evaluating a veteran's employability, consideration may be given to the level of education, special training, and previous work experience in arriving at a conclusion, but not to age or impairment caused by non-service-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19.

Marginal employment is not considered substantially gainful employment and generally is deemed to exist when a veteran's earned income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person. Marginal employment may also be held to exist in certain cases when earned annual income exceeds the poverty threshold on a facts-found basis. Consideration shall be given in all claims to the nature of the employment and the reason for termination. 38 C.F.R. § 4.16(a). Marginal employment, odd-job employment, and employment at half the usual remuneration is not incompatible with a determination of unemployability if the restriction to securing or retaining better employment is due to disability. 38 C.F.R. § 4.17(a) (2015).

In this case, the combined schedular disability rating eligibility criteria for a TDIU under 38 C.F.R. § 4.16(a) have been met. The Veteran is service connected for PTSD, rated as 50 percent disabling from January 29, 2007 until June 18, 2008; as 70 percent disabling for the period from June 19, 2008, until May 6, 2009; as 50 percent disabling from May 7, 2009, until December 4, 2013 and as 70 percent disabling for the period beginning December 5, 2013. He is also service connected for tinnitus, rated as 10 percent disabling. The Veteran's combined rating over the years has bounced between 60 percent disabling and 70 percent disabling, depending on whether the PTSD was evaluated as 50 percent or 70 percent. Significantly, the Veteran's form DD 2014 reflects he received the Combat Infantryman's Badge and the Purple Heart and therefore is a combat Veteran. For the above purpose of one 60 percent disability, or one 40 percent disability in combination, the following will be considered as one disability: (1) disability of one or both lower extremities, including the bilateral factor, if applicable, (2) disabilities resulting from common etiology or a single accident, (3) disabilities affecting a single body system, e.g. orthopedic, digestive, respiratory, cardiovascular- renal, neuropsychiatric, (4) multiple injuries incurred in action, or (5) multiple disabilities incurred as a prisoner of war. 38 C.F.R. § 4.16(a). Reviewing the March 2006 rating decision that granted service connection for both disabilities reflects the PTSD was granted based upon his combat action when his unit was ambushed and his tinnitus was also granted for his service in Vietnam when he was involved in combat and infantry with excessive noise exposure. As the Veteran's two disabilities are both injuries incurred in action, they count as 1 disability under 38 C.F.R. § 4.16(a). Thus, as the Veteran was rated as at least 60 percent throughout the period on appeal for one disability, the eligibility requirements of 38 C.F.R. § 4.16(a) have been met. 

The Veteran contends that his service-connected disabilities are sufficient to prevent him from obtaining or maintaining substantially gainful employment. Specifically, the Veteran's claims that the severity of his PTSD causes a significant amount of social and occupational impairment, which makes it impossible for him to obtain or maintain substantially gainful employment. He has not worked since January 2009. 

In his application for TDIU he reported he last worked in December 2008 and reported working assembly for Chrysler. He indicated he had been employed there since 1983. He indicated he had a high school education and felt his PTSD prevented him for securing or following gainful employment.

In May 2015, the Veteran testified a hearing before a decision review officer at the RO. At the hearing he stated that he had been attending counseling sessions at the Vet Center for the previous seven years. He noted that he left his job at Chrysler when he was offered a "buy out," but the Veteran believes that he was offered the "buy out" because he was combative at work. He also states that certain instances at work caused him to have flashbacks of his service experiences in Vietnam and he would react in a violent and combative nature. The Veteran also shared a recent experience that he had at his grandson's basketball game where engaged in an altercation with another person and wrestled them to the ground. He also described another incident where he drank so much he called the police, because he was afraid of doing physical harm to himself. 

The Veteran underwent a psychological evaluation in February 2014 that was conducted by Dr. K.M. It was noted that he has difficulty adapting to stressful circumstances, and impairment in his ability to maintain effective relationships. At the examination the Veteran reported that he has angry feelings that are easily provoked. He also noted that while he was working, he was strongly advised by his union to take early retirement due to having had several explosive and assaultive incidents at work. 

The Veteran underwent a VA examination in December 2013 for his PTSD. It was noted that the Veteran's PTSD is manifested by the following symptoms: nightmares, intrusive thoughts, intense psychological distress to reminders of the trauma, avoidance (difficulty connecting with others), hyperarousal (hypervigilence and an exaggerated startle response), concentration difficulties, and sleep impairment. The examiner noted that the Veteran has occupational and social impairment with reduced reliability and productivity. The Veteran reported that he was getting into a lot trouble at work due to personality conflicts. The examiner indicated that if the Veteran returned to work he would likely experience moderate impairment due to reported problems concentrating and symptoms of depression and PTSD as well as maladaptive coping skills such as drinking alcohol. The examiner concluded that based on the PTSD symptoms alone the Veteran remained gainfully employable although he would likely experience moderate impairment and reduced reliability and productivity. 

The Veteran underwent a VA mental health examination in May 2009. At that time he reported that he accepted early retirement from Chrysler because he was getting in trouble, getting feisty and in fights and was not being "a very good boy." He noted that he was "written up" a couple of times due to arguments with people at work. 

After reviewing all the evidence of record, the Board finds that the evidence is at least in equipoise on the question of whether the Veteran's service-connected PTSD prevents him from obtaining or maintaining substantially gainful employment. 

Resolving reasonable doubt in the Veteran's favor, the Board finds that the Veteran's service-connected PTSD renders him unemployable. The evidence of record indicates that the Veteran is unlikely to be able to retain any employment due to his PTSD irritability, anxiety, shortened temper, and difficulty in establishing and maintaining effective work and social relationships. Considering his work experience on an assembly line and the fact that he testified that his symptoms and explosive and assaultive incidents played a role in his retirement, the Board finds that the Veteran's service connected disabilities are of sufficient severity to preclude him from obtaining or maintaining gainful employment. For these reasons, and resolving reasonable doubt in the Veteran's favor, the Board finds that a TDIU is warranted. 38 C.F.R. § 3.340, 3.341, 4.15, 4.16. 

Duties to Notify and Assist 

Since the entire benefit sought on appeal has been granted, no purpose would be served by undertaking an analysis of whether there has been compliance with the notice and duty to assist requirements set out in the Veterans Claims Assistance Act (VCAA) of 2000 (codified at 38 U.S.C.A. §§ 5100 , 5102-5103A, 5106, 5107, 5126 (West 2014)). See, e.g., Bernard v. Brown, 4 Vet. App. 384 (1993); VAOPGCPREC 16-92, 57 Fed. Reg. 49,747 (1992).

ORDER

Entitlement to a TDIU is granted, subject to the laws and regulations governing the payment of monetary benefits.

____________________________________________
H. SEESEL 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs